I believe Mr. Sondag is up first, is that correct? That's correct, your honor. And what time would you like to reserve? I'll reserve three minutes. Three minutes, okay. You may proceed whenever you're ready. Thank you, and may it please the court, Tom Sondag appearing on behalf of the appellants. We're here today to consider a ruling by the district court. Now just a minute, so I get the picture clear. The appellants are, is that a law firm or whatever, is it a county firm? Some people are still active defendants in the state court cases. Is that who the appellants are in here? That's correct, your honor.  And they're still defending the state court cases? Correct. And those cases are still ongoing? That's correct, your honor. One of those three cases is scheduled for trial in January of the coming year. Okay. Sorry for the interruption. Go ahead. No problem. So among other things, the district court's order approved a settlement agreement and entered a claims bar order. That is barred claims buying among some of the parties to these actions. And if the district court had stopped there, we wouldn't be here today. But the district court did not stop there because the receiver asked for more than that. The receiver asked the court to address the set-offs that should apply in the state court actions as a consequence of these settlements. And so the district court entered an order granting the receiver's motion that approved the settlement that issued the claims bar order and injunction and that required the plaintiffs in the state court actions to reduce their claims on a pro-tanto basis. But it doesn't say pro-tanto. Is it clear? Oh. Is it clear? You're correct. The provision itself told the plaintiffs to reduce their claims by the amount of the settlement, which is a dollar-for-dollar reduction in the claims, which is, as we see it, a pro-tanto reduction. Now, the receiver has said in his answering brief, oh, wait a minute, we weren't the district court wasn't telling the state courts that they had to stop there. The district court was not trying to tie the hands of the state court or to tell the state court that they could not permit a proportionate liability set-off. And to that, I would say, if the receiver had said that in the district court. Well, let me ask the question this way. I mean, if that's a binding admission, if the receiver gets up there and says yes, our position is that the federal district court did not issue a pro-tanto reduction order. All it did was say, you know, we get this credit. The state court is free to, you know, allocate credit any way it wants to beyond that. Then would that resolve the matter to your satisfaction? Well, no, Your Honor. Why not? We think that a court needs to explain that because there are two other actions. Well, suppose you get a stipulation. Well, there are a couple of things here. First of all, there are two other actions. And while I appreciate the receiver's comments. You mean two other actions what? To which this order of the district court applies? Pardon me? Two other actions to which the order of the district court applies? Yes. Yes. There are three state court actions pending against my clients. Yeah. And they're all very similar. And the receiver is the plaintiff representing a number of representatives, unrepresented investors in one action. But there are hundreds of other. All right. So the only action the receiver is in is the one action. Correct. Well, so that's all we can rule on. It's the case before us. Well, the case that's before you is an order that came out of the district court approving the settlement as to all of the three state court actions and requiring the plaintiffs in all of the three state court actions to reduce their claims. So it does not just pertain to the receiver's state court action. It pertains to all of them. You know, this is one of these really Kafkaesque situations. You've got a situation where, at least according to the record, you've got an individual or a small firm that presumably has few resources to go after. They've got a claims-made policy that's wasting based upon use by attorney fees or through attorney fees. If you don't settle this thing, it's all going to be wasted away in litigation. And you still are faced, the bigger law firms are still faced with the fact that if these plaintiffs, which the district court was concerned about and that the receiver is concerned about, don't get anything or very little from the in-house counsel, which is what we're really talking about here, then somebody's going to have to pay for it. It's a strange thing to me that a federal district court, a federal receiver, who wants to save as much of this money as possible for the plaintiffs, that is the people who were defrauded, understandably your clients say, well, wait a minute, you know, we're just going to be the fall guys here because there's not very much money. There's $20 million that's owed. We're only responsible for that much, and we want to be able to prove that. If you look at the face of the district court's order, as Judge Tashima just indicated, it doesn't say pro tonto. It says that you have to deduct I think it was $890,000 in the aggregate. So once you've done that, there's really nothing in the order per se that says that the state trial courts cannot proceed on a proportionate liability basis, is there? No, there's not. And we pointed that out in our opening brief. So other than the image issue that you're worried about, what's the problem then? Well, first of all, before the receiver admitted or made his concession as to the effect of that, you have to recognize that the battle below was pro tonto versus proportionate liability. And we essentially lost that battle in the sense that the court granted what the receiver wanted and he said shouldn't be in there. So we were certainly concerned about the preclusive effect, that even though, and we pointed that out, we would certainly argue in the state court, wait a minute, that didn't say that you couldn't go beyond that, Your Honor. That simply says that they have to reduce it by the amount of the settlement. But that needed clarification, and that is why I say I really think what we're down to in this case, given the receiver's concession, is simply the relief that's appropriate here. But that's not before the court, though. It's like Judge Toshima said. If opposing counsel gets up and, you know, whatever you all say is part of the record, if he gets up and says I am not contending that what the trial judge said here was a requirement that the state trial courts apply a pro tonto allocation, what more could be done other than blowing up the settlement? Well, we never wanted to blow up the settlement. But that was a condition. The settlement could have been approved. That was a condition of the settlement. Well, we disagree with that, Your Honor. We do not believe that that claims reduction provision was a condition of the settlement. As we've argued in our brief, it was not. And if you'll search high and low in that settlement agreement for a provision that makes that reduction provision a condition. And I think that this is important. If you read the district court's order, the district court did not find that to be a condition of the settlement. At page 2 of the excerpts of record, the district court said, and I quote, that the agreement is conditioned upon court approval and entry of an order barring certain claims. So that was not a condition. This may sound strange to you. Have you thought of using our mediation services here in the court? The reason I ask that is because this is a Hobson's choice here. Either, at least according to the plaintiffs, either we're going to blow up this settlement and rely on the Younger abstention or we go with the district court's decision, which you claim is going to prejudice your clients. There must be a finer scalpel that could be used in that rather awkward procedure. Well, I think there is, Your Honor. There's a much finer. Now, what is that? There's no need to blow up the settlement. We never sought to blow up the settlement. We've offered the court two options. I think there are really two options here. One is to simply vacate the district court's judgment and say, do this again, but keep your hands off the claims reduction issue. That's all we said, and we wouldn't even be in court on that. And the district court would do that by not referring to a dollar amount? Is that what you're suggesting? Correct. It would simply not address the issue. Now, the other possibility is the court can simply say, as the receivers conceded, say that, no, this provision does not tie the state court's hand, then the state court can issue whatever set-off is appropriate under Oregon law in those cases. But is that opposed by your opposing? No. I think we should get to the heart of the matter. What's left, then, is a finding in the district court's order that we believe is irrelevant to the set-off issue, the receiver believes is relevant to the set-off issue once we get into state court. And what's that finding? And that is the finding on page 2 of the district court's order. Just a minute. Just a minute. Page 2? Go ahead. Excerpt of record, page 2, in which the court states, the amount of the settlement proceeds or consideration to be paid by the settling defendants is to a reasonable probability equal to or greater than the amount that could be recovered from the settling defendants were the parties to the agreement to continue the litigation to final judgment. Now, again, if we were not, and we would not have opposed this order if it did not have the claims reduction provision, but the receiver is going to rely on that finding in the state court and say, oh, well, you see, that finding shows that the settling defendants were partially insolvent. The district court has found that. You should rely, you're bound by that. And, therefore, they're going to argue that the appropriate set-off is the one that the district court ordered, which is a pro tonto reduction, although I appreciate that the court did not label it. So you're asking us to interpret the district court's order so it doesn't say that. Well, no. Again, I think there are two options available. One, the court can vacate the judgment and ask the district court to decide the matter without addressing the claims reduction provision.  What's the other option? The other is to declare that the district court's order and findings will not be of preclusive effect in the state court action, that the claims reduction provision and the findings that support it will not be preclusive in the state court actions. Well, what in the order leads you to believe that it could be construed to the contrary? That it could be preclusive? Yeah. Oh, simply the fact, again, appreciating that the — as we said in our brief, the literal language? No. But the fact that the parties were there — that's what they were fighting about before the district court. And so our concern, until the receiver raised its concession, was that certainly that they would argue, no, this is what the district court decided. He was deciding, and the parties were arguing. Pro tanto? Why didn't you — you know, you don't seem to agree on exactly what the district court decided and what it didn't decide, what it meant. Why didn't you ask the district court for a clarification of its order? Well, Your Honor, we were before the district court, and we certainly made our position clear, and the other side made their position clear. I appreciate that the receiver has conceded that this will not be preclusive. Do you want to save two minutes? Yes. It's up to you. I will do that. Thank you. Okay. Hopefully this gentleman is going to solve all problems. May it please the Court, Your Honor. I'm John Stevens, representing the receiver, Peter McKittrick. I think that we can solve all of the problems. It is correct that when we were before the district court, we did make an argument for what's referred to as a pro tanto or dollar-for-dollar reduction. And they contended it should go to the state court. The state court should make the determination, and they indicated that they were going to make an argument about a pro rata, fault-based reduction to the state court, that that's something that Oregon law provided. The district court did enter its order. It did enter a Rule 54B judgment that did contain various provisions that we wanted. They took their appeal, arguing that the district court had, in fact, made a pro tanto, dollar-for-dollar determination and that the state court was not free to make a pro rata, fault-based reduction relating to their damage claim. And at that point, we looked closely at what Judge Hogan had actually decided in his order and what he had said in his judgment and recognized that it wasn't going to be defensible for us to stand up before you and argue that, in fact, the court had made a determination or had made a ruling that it was going to be a pro tanto reduction and that the state court was precluded from considering any further reduction on a fault-based determination. So, accordingly, at that point, given the fact that it isn't a defensible position, as far as we're concerned, we took precisely the position that we did in our answering brief, that the order doesn't, the order does provide that there shall be an $890,000 reduction to our claim against the defendants in the state court action for the, in terms of damages, attorneys' fees and costs, and we think that that's something that's appropriate and something that this court shouldn't touch. It's something that prevents us from taking a double recovery from them, and so it was an appropriate determination for Judge Hogan to have made. At the same time, though, it does not preclude them from arguing to the court that there should be a further reduction on a pro rata or fault-based reduction, and they can present that argument. We will certainly oppose that. We do think that under the circumstances... Well, but when you say you'll oppose it, though, will one basis of your opposition be that, well, the Federal District Court decided otherwise? It will not be, Your Honor. But there is one point which Mr. Sondag raised in the end of his argument. Certainly, they are going to make the argument that it should be a pro rata, fault-based reduction or there should be an additional reduction of that. We will make the argument to the state court that it should be a pro tanto, dollar reduction, and one of the circumstances that we will argue that makes that kind of a reduction appropriate, and this will be something for the state court to decide, is that in this case, we're dealing with settling defendants who were insolvent or what's referred to as partially insolvent with respect to this claim. And that is a determination that Judge Hogan did make in the context of him making that determination was something that was, again, appropriate to his order, which was that he wanted to make a determination, is this settlement being entered into in good faith, and that was an appropriate factual basis. What was the record on which he made that determination of partial insolvency? We submitted to the court declarations of two attorneys, Michael Essler and Robert McGaughy. But those are declarations that are sort of almost like on information and belief, right? Oh, no. What they went to was past experience involving securities cases and how in the past they had dealt with the situation. But what about the balance sheets of the partners? We didn't submit balance sheets of the partners, Your Honor, but we did also submit, I was going on to say this, that we did submit a declaration of the chief partner in the partnership, the settling partnership, and also the individual lawyer from that firm as well. And both of them put in their declaration that, or explained in their declaration that they're small central organ law firms, four partners, and that the only significant asset that they had with respect to the payment of a judgment in this case was the insurance provided by the Oregon State Professional Liability Fund, number one. And then number two, in addition, Oregon Law provides that they're a limited liability partnership, and Oregon Law provides that there's only a limited ability to go beyond the partnership to go after the assets of partners involved. Is it a correct summary of your position that, one, your position is that the question of, you know, whether or not there ought to be a pro tanto or pro rata allocation is open for the state court to decide, subject only to the ruling that the district court, the federal district court, in approving the settlement, did decide that these defendants, this law firm, was partially insolvent? That's a correct summary, Your Honor. And is it your position, then, that that issue, that the paragraph he quoted, has been, is binding on the appellants in this case? It would be the determination that the district judge made under Oregon issue preclusion rules would be binding insofar as the determination that the court made. And the reason I'm parsing it that way is that there could be additional issues with regards to insolvency or partial insolvency that that evidence wouldn't completely answer, and that there might be additional evidence that might be appropriate for the court to consider in that context, because it's not a long, extensive ruling. So the issue of preclusion is only with respect to the partial insolvency? That would only be with respect to the partial insolvency, that that was a determination. This would be the argument I'd make to the state court, that that was a determination that the district court made. It was a determination that was necessary and proper to the decision that the court was making, and that is, that it was made in good faith, and that it was an appropriate or proper agreement for the receiver to have entered into, and it wasn't for some collusive purpose. Well, I think what you're saying is, and that is, a part of approval of the settlement was that, and there would be no further assessment of liability in the settlement, of liability against the settling defendants, because they don't have any other assets other than the $890,000. That would be true as well, Your Honor, that part of the one another provision of the settlement was that there was going to be a claims bar against those settling defendants that, among other things, would preclude the non-settling parties from bringing contribution and indemnity actions. Let me ask this other question now. Is it fair to say the reason you want to protect this issue about partial insolvency is because you wouldn't directly benefit from it, except that it's a condition that the other side on your settlement requires, because it would benefit from it, because it would get a small allocation to you from the state court. Is that right? I'm not quite sure I'll answer and see if I'm answering your question, Judge Tashima. When you look at the restatement of apportionment of liabilities, third, which is kind of what is a guide that we've used through this, it sets up a situation where the general rule is, the reporter of the restatement said, is that you should, when you have a situation like this with a claims bar, is that you should do a pro rata fault-based reduction of the liability with respect to the settling defendant and give the benefit of that to the non-settling defendants on their contribution claim, but that the exception to that occurs when you have a partially insolvent settling defendant. And under that circumstance, the reasoning of the reporters is that if you give a pro tanto or dollar-for-dollar reduction, you have given the non-settling defendants the full benefit of what they ever could have recovered from the settling defendants by way of a contribution or indemnity claim if the case had gone to trial. And so we, as a part of our argument to the State court on why it is that the court should apply a pro tanto reduction, we will certainly be relying upon the restatement of third apportionment of liability and its position that where you do have a partially insolvent settling defendant, that that is a strong factor that says, yes, you should use a pro tanto dollar-for-dollar reduction. And so that's why that piece of evidence is important for the argument that we'll be making. It is, though, a determination or a fact determination that the Court made in a separate context, which is that it's not a collusive settlement, it was made in good faith, and it's an appropriate settlement for my receiver to be entering into. Mr. Stevens, it seems to me that if this were all coming before us as a court, the whole thing, we would probably – and nobody would – well, you would first of all look at the defendants and you would say who was more responsible, and then there would be a judgment that would be rendered with a certain percentage of liability as to the various defendants. And that's, of course, what your opposition wants, because they want to be responsible only for the share to which they should be responsible. That's that. But what has happened here is that one of the other defendants, the settlers, have gone in and they make a settlement for the 890, and that's fine with you, you're willing to accept that. And then they've gone forward and they're saying, but for us to settle, we want the Court to determine that there's not going to be any more money coming from us, this is it, this is the full amount. And there may not be anything wrong with that, and go ahead and make an order to that effect. But what I think you're asking is that then you want that to cut against the non-settling defendants so that whereas before they would only be liable for their limited responsibility percentage, now they're going to be liable for everything except $890,000. And that, in fact, is what Oregon law provides. It provides that all defendants are jointly and severally liable, and that's a decision or determination, a policy judgment, that the Oregon legislature made, and actually all the other states in their blue sky laws as well. And the effect of a joint and several liability provision in a statute like this is that it puts the risk on the solvent defendants that other defendants are going to be insolvent. So that policy choice ‑‑ Well, that's only if you follow the restatement. Well, that ‑‑ actually, the restatement view would be applying in a common law tort-type situation. We think it provides a nice guideline for us here, but the actual situation that we're dealing with here is the Oregon state securities law, which does provide for, by statute, for joint and several liability of defendants. But it doesn't have, as I understand it, the Oregon law on securities cases says nothing about, you know, how you allocate, you know, in a settlement, right? There's some indication that sometimes Oregon follows federal law. They have used federal law. There have been instances where they used federal law, for example, an untrue statement of material fact. That's a provision taken out of Rule 10b-5. In connection with, that's another loaded securities law term that is found in Oregon securities law and the federal securities law. So those are examples. Well, what I'm getting to, though, is if Oregon chooses to follow federal law in the, you know, the settlement context of securities cases, then, of course, you know, in our circuit, at least we have that Franklin versus Capo, you know, which requires, almost requires a pro rata allocation, right? In fact, it leaves, you know, the percentage liability termination really to the jury. If I agree with what Your Honor is saying regarding the Franklin versus Capo case, but I do think that, as we pointed out in our brief, an important fact in that case was that there is nothing in that decision or in that opinion that indicates that the settling defendants in that case were insolvent or partially insolvent. And that's a critical fact that distinguishes it. And also we don't know whether Oregon would choose to adopt that approach, right? Correct. And that, I mean, that's, I guess, part of really where they were, the appellants were going with their arguments at the district court, which you should let the State court make that determination. Very good. Thank you very much for your argument. Thank you, Your Honor. Mr. Sondag, do you want to finish your argument? Thank you, Your Honor. Judge Thompson, I think you hit on the head the situation that we find ourselves in in this case. That is that the finding that we've been talking about now was made by the district court for several different reasons. It was made to say this was a good-faith agreement. Yeah, it supports a claims bar order. But it was also entered, or at least the receiver argued it should be made because it was relevant to its argument on the set-off or the claims reduction. And now the receiver has conceded that it can't defend the district court trying to step into the State court's resolution of that issue. And so that that should not be binding on the State courts. But there's that finding. And they have admitted that they're going to say that that finding is binding on the State court, inasmuch as it says, and what it says is somewhat confusing. That finding, you mean the partial insolvency finding? Well, they will call it a partial insolvency finding. And we'll argue about what it means because it doesn't actually say that it's partially that they're partially insolvent. You don't really challenge that paragraph in your disappeal, do you? I mean, you don't say it was erroneous or that it was unauthorized or anything like that. Well, we say that it was not supported by the evidence. Yes, we did challenge that. Paragraph? Yes. Yes. We said that the evidence was inadequate. First of all, we said the finding itself was inadequate to support the set-off that was made because it's not clear, just as I said, what the heck that means. And second, because the evidence was inadequate. So if you're bound by it, aren't you saying you're not bound by much? It doesn't hurt you that much?  No, no, no, I'm not bound by much in the sense that, you know, you can still require or maybe choose yourself to reduce evidence, you know, specifically of showing insolvency or, you know, lack of assets or, you know, how far you can go on a limited liability situation. Right? If we were not foreclosed from that, yes, we could. Well, I mean, in your position, you aren't foreclosed because the finding is so sketchy. Correct. I mean, it's certainly going to be an avenue for us, but the point is we wouldn't even have been in the federal court if they hadn't been seeking that claims reduction provision. We wouldn't have been bound by it at all in that circumstance. Well, summarize for me now. So in light of Stephen's argument, what's your position now? What do you want us to do as to what kind of relief you want? We would like the Court to vacate the judgment and tell the district court to resolve the issue without getting into the claims reduction issue. Alternatively, we would like this Court to declare that the claims reduction provision and any findings that support it are not binding in the State court actions. All right. It's clear. Thank you. Very good. Thank you both for your fine arguments. Yes. The case just argued is submitted, and we will be recessed for the day. Okay. All rise. Thank you.
judges: Thompson, Tashima, Smith